UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATIN SALEH,

       Plaintiff,

       vs.

JPMORGAN CHASE BANK, N.A.,
et al.,

       Defendants.
_____/

Case No. 11-CV-12958
HON. GEORGE CARAM STEEH

ORDER OVERRULING DEFENDANTS' OBJECTIONS [DOC. # 51]
TO MAGISTRATE JUDGE'S SEPTEMBER 26, 2013 BENCH ORDER [DOC. # 48]

Defendants filed objections to that portion of the Magistrate Judge's September 26, 2013 Bench Order that allows plaintiff to depose defendant's employee Frank Farhat. The court is familiar with the Bench Order, defendants' motion for reconsideration [Doc. # 50], and the Magistrate Judge's order denying motion for reconsideration [Doc. # 53], and does not believe that oral argument on the objections would aid the court in making its determination.

A district court shall consider objections to a magistrate judge's non-dispositive orders, and shall modify or set aside any portion of the orders found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. *Patterson v. Heartland Industrial Partners,*

*LLP*, 225 F.R.D. 204, 205 (N.D. Ohio 2004) (quoting *United States v. Hurst*, 228 F.3d 751, 756 (6th Cir.2000)). The scope of discovery lies in the broad discretion of the district court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable or arbitrary. *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003).

At issue is whether the Magistrate Judge erred in determining that plaintiff was permitted to take Mr. Farhat's deposition. Defendant first argues that because Mr. Farhat was an employee, as opposed to a director, officer or managing agent, he cannot be compelled to appear for a deposition without a subpoena. This argument was advanced by defendants in their initial brief, but it was not made at the hearing, nor was it raised during the follow-up that took place between counsel and the Magistrate Judge after he made his ruling. The Magistrate Judge has since acknowledged that defendants are technically correct that a subpoena is required because Mr. Farhat was a mere employee. However, there was never a ruling that a subpoena was *not* required, so the Magistrate Judge's order was not clearly erroneous or contrary to law.

Defendants next argue that because plaintiff is being allowed to depose a Rule 30(b)(6) witness, the Magistrate Judge's order should be overturned as to Mr. Farhat. As stated above, the scope of discovery lies in the broad discretion of the court. There is no law to support defendants' argument that the Rule 30(b)(6) witness makes Mr. Farhat's deposition "redundant and unnecessary." This argument does not provide a basis for finding the Magistrate Judge's order clearly erroneous.

IT IS HEREBY ORDERED that defendants' objections to the Magistrate Judge's order are OVERRULED.

SO ORDERED.

Dated:  November 18, 2013

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 18, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk