UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATIN SALEH,

          Plaintiff,

vs.                                          Case No. 11-CV-12958

JPMORGAN CHASE BANK, N.A.,        HON. GEORGE CARAM STEEH
et al.,

          Defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT [DOC. 44] AND DENYING PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [DOC. 58]

Plaintiff, Fatin Saleh, brought a three count complaint in Wayne County Circuit Court against defendants JPMorgan Chase Bank, Chase Home Finance LLC and Freddie Mac on June 28, 2011. The complaint was removed to this court on July 8, 2011, invoking this court's diversity jurisdiction. Plaintiff seeks to quiet title in the subject property which is her residence (Count I), alleges breach of the loan modification process set forth in MCL 600.3205(c) (Count II), and alleges deceptive or unfair practices with regard to the submission of affidavits or other documents by the defendants (Count III).

The matter is before the court on defendants' motion for summary judgment and plaintiff's motion for leave to file a first amended complaint. The court heard oral argument on the motions on December 19, 2013. For the reasons stated below, defendants' motion for summary judgment is GRANTED and plaintiff's motion for leave to amend is DENIED.

-1-

FACTUAL BACKGROUND

This case involves real property located at 565 Golfcrest Drive, Dearborn, Michigan, 48124. On May 17, 2007, plaintiff received a loan from Washington Mutual Bank, FA ("WaMu") in the amount of $324,000.00. At closing, plaintiff executed a Note and granted a Mortgage in the property to WaMu to secure repayment of the Loan. Plaintiff admits to signing both the Note and the Mortgage. (Saleh dep. p. 13).

Plaintiff defaulted on her obligations under the Note. As a prerequisite to initiating foreclosure by advertisement proceedings, Trott & Trott, as an agent of Chase Home Finance, sent plaintiff a MCL 600.3205a(1) letter on November 9, 2010. The letter informed plaintiff that the Mortgage was in default and she had 14 days to request a meeting with Trott & Trott to discuss loan modification. Plaintiff requested a loan modification meeting with Trott & Trott, and a meeting was scheduled for February 24, 2011. (Exhibit G, February 1, 2011 letter). Plaintiff did not show up for that meeting. Her request for a loan modification was denied by letter dated March 22, 2011. (Exhibit H).

Plaintiff was previously evaluated for a modification in 2010, but her loan was determined not to qualify for modification. (April 20, 2010 Letter, Ex. L). Plaintiff was offered a temporary forbearance agreement in April 2010, but she declined it because it did not involve a reduction in the Loan balance. (Saleh dep. p. 27). In April of 2011, plaintiff had an opportunity to sell the Property via short sale. One requirement for final short sale approval was for plaintiff to sign an arms-length affidavit, affirming that the sale to the third party was arms-length. Plaintiff acknowledged that the sale was not arms-length and that she was going to remain living in the house. Finally, plaintiff was

offered a loan modification agreement in 2012, but declined the agreement because it did not reduce the balance due on the Loan. (Saleh dep. p. 52).

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)

(emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

ANALYSIS

I. Quiet Title

In order to quiet title to land, "plaintiff has the burden of proof and must make out a prima facie case of title. Once the plaintiff makes out a prima facie case, the defendant[] then ha[s] the burden of proving superior right or title in themselves." *Beulah Hoagland Appleton Qualified pers. Residence Trust v. Emmet Co. Road Comm'n.*, 236 Mich. App. 546, 550 (1999). Plaintiff does not dispute that she has defaulted under the terms of the Mortgage and does not allege that she has paid off the debt. In fact, plaintiff admits that the last payment she made was in January of 2009. (Saleh dep. p. 12).

If title was quieted in plaintiff's name, without repayment of the Loan, she would achieve a windfall; she would get to keep the benefit of the Loan as well as the Property

she put up as collateral. The Sixth Circuit has applied the doctrine of unclean hands to bar a quiet title claim, holding that a mortgagor who receives the proceeds of a loan and fails to pay it back cannot seek "judicial assistance in avoiding his contractual obligations." *Tuille v. AHMSI*, No. 10-2564, 2012 WL 1914056, at *2 (6th Cir. May 29, 2012).

II. <u>Breach of MCL 600.3205</u>

MCL section 600.3205c requires that foreclosing parties discuss loan modification options with borrowers. In this case plaintiff was notified of her right to request a loan modification meeting and she in fact requested a meeting. It appears from the record that a meeting was initially scheduled for February 2, 2011, but was cancelled by defendants due to a snowstorm. The meeting was rescheduled by letter for February 24, but plaintiff did not show up to that meeting.

The purpose of a 600.3205c meeting is to discuss a possible modification. However, the statute does not require that a modification be offered. In addition, the statute includes a specific enforcement mechanism that provides a borrower with an opportunity to request judicial foreclosure if the foreclosing party does not comply with the loan modification provisions. MCL 600.3205c(8). In fact, a borrower's sole relief for a violation of the loan modification statute is to seek the conversion of the foreclosure sale to a judicial foreclosure prior to the sale. *Stein v. US Bancorp*, No. 10-14026, 2011 WL 740537 at *10 (E.D. Mich. Feb. 24, 2011) (J. Cook) ("The provision allows certain borrowers to determine the *type* of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure.") Here, plaintiff does not seek

to convert the foreclosure by advertisement to a judicial foreclosure. Plaintiff has no relief pursuant to this statute.[1]

III. Deceptive or Unfair Practice Claim

In Count III plaintiff alleges "upon information and belief Defendant may have submitted affidavits or signed other documents in support of the non-judicial foreclosure that appear to have procedural defects." Plaintiff goes on to allege that such documents may have been signed by persons who did not have personal knowledge of the facts asserted, and may have been signed outside the presence of a notary public, through a process called robo-signing. Plaintiff contends that this would amount to a deceptive act or unfair practice.

Michigan common law does not recognize an independent action for a deceptive act or unfair practice. See *Dingman v. OneWest Bank, FSB*, 859 F. Supp.2d 912, 921 (E.D. Mich. 2012); also, *Pettiford v. JPMorgan Chase Bank, N.A.*, 2013 WL 3724788, at *5 (holding that both Michigan and federal courts applying Michigan law have consistently held that the Michigan Consumer Protection Act does not apply to claims arising out of residential mortgage transactions).

IV. Motion for Leave to File First Amended Complaint

Plaintiff's motion for leave to file a first amended complaint is deficient under Local Rule 15.1 for failing to include the proposed amended complaint. One purpose of the requirement that the proposed amended complaint be attached is so defendants

---

[1]The Michigan Legislature has repealed the mortgage-modification statutes effective June 30, 2014. MCL 600.3205e. The repealed statutes are replaced by MCL 600.3206, which contains similar protections for the borrower, but has no remedy provision whatsoever.

and the court can analyze the new claims to determine whether plaintiff is able to state a claim upon which relief could potentially be granted.  From plaintiff's argument, it appears that the only claim that might have some merit is a breach of contract claim alleging that the lender approved a short sale, but then denied approval based on plaintiff's refusal to sign an arms-length affidavit.  However, only "preliminary approval" of the short sale was granted on April 25, 2011 based on the minimum net proceeds to be received by the lender, and subject to the closing instructions, issued the same day, which required plaintiff to sign the arms-length affidavit.  The bottom line is that there was no contract for a short sale that did not include the requirement that plaintiff sign the affidavit.  (April 25, 2011 Letter and Instructions at Pg ID 591 and 663).  As plaintiff has admitted she refused to sign the arms-length affidavit, there never was an enforceable contract between the parties for a short sale.

V. <u>Conclusion</u>

Even if plaintiff had complied with the filing requirements of LR 15.1, her proposed breach of contract claim lacks any and all merit.  Plaintiff's motion for leave to file a first amended complaint is DENIED.

For the reasons stated above, defendants' motion for summary judgment is GRANTED.

Dated:  January 22, 2014

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 22, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk